IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHAD JEREMY ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-45-HE |
| | ) | |
| JOE M. ALLBAUGH, Interim | ) | |
| Director of the Oklahoma | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

**Petitioner's motion seeking a court order and application for leave to proceed in forma pauperis.** Docs. 6, 8.

Chad Adams (Petitioner), a state prisoner appearing pro se,[1] brought this action for habeas corpus relief under 28 U.S.C. § 2241. Doc. 1. He seeks reinstatement of level and good conduct credits; an audit; lost gang pay; deletion of records; reimbursement of his costs; and, an order directing the Department of Corrections (DOC) to place him in a reintegration/re-entry program. *Id.* at 18-19.[2] Petitioner paid the $5.00 filing fee. Doc. 4.

---

[1] Petitioner filed this action while confined at the Lawton Correctional Facility (LCF), a private prison. Doc. 1, at 1.

[2] This report cites court documents by their electronic case filing designation and pagination; apart from alterations to Plaintiff's uppercase lettering and unless otherwise indicated, quotations are verbatim.

Chief United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The undersigned ordered Respondent to file an answer, motion, or other response to the petition. Doc. 5.[3]

Petitioner subsequently filed a motion seeking this Court's order directing the DOC and the LCF warden to "[t]ransfer Petitioner to 'Minimum Security' immediately" "AND/OR" to "order 'Respondent(s)' to allow access to law library and all-such services . . . ." Doc. 6, at 1, 12. He alleged he "is not attempting to litigate or raise 'deliberate indifference' or any 8th Amendment issues to/with this Court" but "is attempting to show the court the 'on-going issues' he is having while being housed at 'L.C.F.'" *Id.* at 7. On the same day, and despite having already paid the requisite $5.00 filing fee for a habeas corpus action, Petitioner applied for leave to proceed in forma pauperis (ifp). Doc. 8. He described his action as one for habeas corpus relief and acknowledged that he had "prepaid 'filing costs' . . . ." *Id.* at 1. He stated he was "attempt[ing] to proceed 'in forma pauperis' toward 'security\status.'" *Id.*

---

[3] Respondent filed a motion to dismiss on February 24, 2016. Doc. 10. The undersigned has extended Petitioner's response time to August 22, 2016, based upon his representations of lack of library access and a promised transfer to a facility for a prisoner with his medical conditions. Docs. 11, 12, 13, 14. On August 5, 2016, Petitioner reported his new address at the John H. Lilley Correctional Center, a DOC facility. Doc. 15.

The relief Petitioner's motion seeks—minimum security placement and library access—implicate conditions of his confinement. *See* Doc. 6. Petitioner neither challenges the conditions of his confinement in his § 2241 action nor he has not sought leave to amend his action in order to state those claims. Petitioner does not state a claim upon which the relief he now seeks can be granted. The undersigned finds that denial of his motion seeking that relief is warranted. If the court liberally construes Petitioner's motion as a request to amend and add the conditions-of-confinement claims to his pending action, the same result holds true.

"In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement must do so through an application for habeas corpus." *Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)). "In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.* "[F]ederal claims challenging the conditions of . . . confinement generally do not arise under § 2241." *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). "[W]hen a prisoner seeks to challenge the conditions of his confinement via § 2241, [the court] lack[s] jurisdiction to consider his claim." *Buhl v. Berkebile*, 612 F. App'x 539, 540 (10th Cir. 2015) (citing *Palma-Salazar*, 677 F.3d at 1038).

**Recommendation and notice of right to object.**

For the stated reasons, the undersigned recommends that the court deny Plaintiff's motion seeking a court order. Doc. 6. Petitioner's ifp application, Doc. 8, would then be moot.

The undersigned advises the parties of their right to object to this report and recommendation by the 5th day of September, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not dispose of all issues referred to the Magistrate Judge in this matter.

ENTERED this 16th day of August, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE