# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| CHAD JEREMY ADAMS, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV-16-45-HE |
| JOE M. ALLBAUGH, Interim Director of the Oklahoma Department of Corrections, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Chad Adams (Petitioner), a state prisoner appearing pro se, brought this action for habeas corpus relief under 28 U.S.C. § 2241. Doc. 1. He seeks reinstatement of level and good conduct credits; an audit; lost gang pay; deletion of records; reimbursement of his costs; and, an order directing the Department of Corrections (DOC) to place him in a reintegration/re-entry program. *Id.* at 18-19.[1] Chief United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondent filed a motion to dismiss, Doc. 10, Petitioner responded, Doc. 17, and the case is now at issue. The undersigned recommends the court dismiss Petitioner's petition for habeas relief as moot.

---

[1] Page citations refer to this Court's CM/ECF designation and pagination.

## I. Petitioner's claims.

According to Petitioner, prison officials charged him with a disciplinary infraction in 2013, deducting thirty earned credits and removing him from classification level four, but ultimately found him not guilty at the disciplinary hearing. Doc. 1, *passim*. Petitioner believes he is entitled to return of his earned credits, plus an award of credits he would have earned had he not been improperly denied his level four classification from June through November, 2013. *Id.* at 18. Petitioner also believes he is entitled to: (1) an audit; (2) lost gang pay; (3) deletion of records; (4) reimbursement of his costs; and (5) an order directing DOC to place him in a reintegration/re-entry program. *Id.* at 18-19.

## II. The parties' evidence.

Petitioner and Respondent attached exhibits to their pleadings. Docs. 1, 10. For the following reasons, the undersigned has considered these exhibits.

In his motion to dismiss, Respondent challenges the court's jurisdiction to rule on Petitioner's petition, attacking the facts upon which subject matter jurisdiction depends. Doc. 10, at 2-4. Under this "factual attack," the court "may not presume the truthfulness of the [petition's] factual allegations." *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (explaining the distinction between "facial" and "factual" attacks on subject matter

jurisdiction). Instead, the court "must make its own findings of fact." *Castro v. Kondaur Capital Corp.*, 541 F. App'x 833, 836 (10th Cir. 2013) (citations omitted). In doing so, the court has "wide discretion" to rely on materials outside the pleadings and the "court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Holt*, 46 F.3d at 1003; *see also Castro*, 541 F. App'x at 836.

## III. Respondent's mootness defense.

Respondent argues Petitioner's habeas petition is moot, Doc. 10, at 2-4, and the undersigned agrees.

### A. The mootness doctrine.

Federal courts "may only decide actual ongoing cases or controversies." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (citation omitted). So, "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever to a prevailing party,'" the case becomes moot. *Id.* at 1213 (citation and internal quotations omitted).

It is Petitioner's burden to establish this Court has jurisdiction. *See Wilcox v. Aleman*, 43 F. App'x 210, 212 (10th Cir. 2002) (holding habeas "petitioner has the burden of demonstrating the existence of sufficient collateral consequences to save the action from the mootness death knell"). So, once Respondent factually attacked jurisdiction, Petitioner was required

3

to "present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1191 (10th Cir. 2001) (citation omitted).

B.   **The status of Petitioner's case.**

Petitioner asks the court to order officials to return his thirty deducted earned credits and to award him the credits he would have earned at classification level four from June to November, 2013. But Respondent presents evidence officials have already returned Petitioner's thirty earned credits and awarded him 150 credits for the time he spent at classification level one from June 1, 2013 to October 31, 2013. Doc. 10, Ex. 2. Respondent also presents evidence Petitioner re-earned classification level four starting November 1, 2013. *Id.* Ex. 1, at 2. So, Respondent argues the petition is moot because a judicial decision in Petitioner's favor cannot redress any injury. Doc. 10, at 3-4.

Petitioner concedes officials awarded him 180 credits,[2] but argues the petition is not moot because prison officials did not: (1) award him back gang pay, or (2) transfer him to work release. Doc. 17, at 9-14.

---

2   Petitioner gave conflicting numbers when referring to the credits he believes officials owed him. On one page he calculated those credits as 250, Doc. 1, at 6, and on another he claimed entitlement to 280 credits. *Id.* at 18. In responding to the motion to dismiss, Petitioner does not dispute 180 credits was the correct amount owed. Doc. 17, at 8.

4

## C. Analysis.

Reviewing the evidence and controlling case law, the undersigned finds Petitioner's petition is moot.

The parties agree prison officials awarded Petitioner his deducted earned credits and those credits he would have earned had he not lost classification level four status from June to October, 2013, and the court can no longer order any effectual relief to that end. Further, Petitioner does not have a constitutional right to have the prison grant him prison pay that he would have had the *opportunity* to earn without the disciplinary charge. *See Smith v. Ortiz*, No. 05-1211, 2006 WL 620871, at *3 (10th Cir. Mar. 14, 2006) (unpublished op.) (holding the district court properly dismissed prisoner's bid to have awarded to him prison pay that he would have had the "opportunity to earn" but for the improper placement in segregation due to a disciplinary conviction that officials later expunged) (citing *Twyman v. Crisp*, 584 F.2d 352, 356 (10th Cir. 1978)); *Dulworth v. Evans*, No. CIV-05-1106-F, 2006 WL 2246671, at *4 (W.D. Okla. Aug. 4, 2006) (unpublished district court order) (adopting magistrate judge's finding petitioner's request for back gang pay did "not preclude a finding that [his] case [was] moot" because "[m]onetary damages are not available in federal habeas corpus proceedings").

Finally, Petitioner alleges the petition is not moot because officials refuse to place him in "'Minimum Security'/Community Corrections/Work

Center/Work Release," which he believes they *must* do because with the award of credits he will meet all the criteria for these mandatory programs. Doc. 17, at 11. However, the undersigned has already found Petitioner's request to be transferred from a medium to a minimum security prison is not cognizable in habeas corpus proceedings and recommended Petitioner not be allowed to amend his habeas petition to include condition of confinement claims. Doc. 16, at 3; *see also, e.g., Palma-Salazar v. Davis*, 677 F.3d 1031, 1035-36 (10th Cir. 2012) (holding federal prisoner's request to transfer from one prison to another is "properly construed as a challenge to the conditions of his confinement and must be brought" in a civil rights action). And, even if the court could interpret Petitioner's request for placement in "'Minimum Security'/Community Corrections/Work Center/Work Release" as a request for a quantum change in custody,[3] Petitioner has presented insufficient evidence he is actually eligible for such programs.[4] In other words, Petitioner has not shown the court could grant him any relief which would "result in

---

[3] Some courts have concluded an inmate's request to transfer to pre-parole programs or parole-like settings constitutes a request for "a quantum change in custody," which may be brought in a habeas proceeding. *See Tashbook v. Fox*, No. CIV-16-37-R, 2016 WL 3676811, at *4 (W.D. Okla. July 7, 2016) (unpublished district court order).

[4] *See* Department of Corrections, Policy & Operations Manual, OP-090110, https://www.ok.gov/doc/documents/op090110.pdf (last accessed September 1, 2016) (listing the eligibility criteria).

[his] immediate or speedier release from confinement." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).[5]

Based on the foregoing, this Court cannot grant Petitioner any effectual relief. So, the undersigned finds Petitioner's petition is moot, and the court should dismiss it as such. *See Thomas v. Chester*, 561 F. App'x 656, 657 (10th Cir. 2014) (affirming the district court's dismissal of petitioner's § 2241 petition on grounds prison officials' "restoration of all his earned credits" rendered his petition moot).

## IV. Petitioner's request for reimbursement of costs.

In his petition, Petitioner requests the court order Respondent to reimburse him for "all cos[t](s) associated with this proceeding and reimbu[r]s[e]ment of Time/Cost(s)[]as a Pro Se Litigant acting as his own counsel . . . ." Doc. 1, at 19.[6] The undersigned liberally construes this

---

[5] The same is true for Petitioner's requests for an audit and "deletion" of his 2013 disciplinary charge. *See* Doc. 1, at 18. Prison officials have cured the credit errors related to that incident, and Petitioner fails to establish how either auditing or records expungement could further entitle him to immediate or speedier release. *See* Doc. 10, at 2.

[6] Notably, Petitioner's request to recover his court and litigation costs is "insufficient to create an Article III case or controversy where the merits of his underlying claim are moot." *Loeh v. Commandant, U.S. Disciplinary Barracks*, No. 03-3366-JWL, 2004 WL 1490403, at *1 (D. Kan. June 30, 2004) (unpublished district court order) (rejecting petitioner's claim his case was not moot because he had requested "to recover his court costs").

7

language as a (premature) motion for prevailing party fees under Fed. R. Civ. P. 54 and recommends the court deny it.

In *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598 (2001), the Supreme Court reiterated a "prevailing party" must obtain some form of *judicial relief*, such as a judgement on the merits. *Id.* at 604-06. In other words, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605. Here, prison officials *voluntarily* returned Petitioner's credits, without any judicial interference. So, Petitioner does not qualify as a prevailing party and the court should deny his request for costs. *See Dulworth*, No. CIV-05-1106-F, Doc. 36, at 3-4 (W.D. Okla. Sept. 27, 2006) (unpublished district court order) (denying petitioner's motion for costs under Fed. R. Civ. P. 54, after dismissing petitioner's habeas petition as moot, because prison officials returned his credits voluntarily with "no judicial involvement whatsoever"), *cert. of appealability denied*, 496 F.3d 1133 (10th Cir. 2007).

## V. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends the court dismiss Petitioner's habeas petition as moot and deny his request for reimbursement of litigation costs.

8

The undersigned advises the parties of their right to object to this report and recommendation by the 26th day of September, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral.[7]

ENTERED this 6th day of September, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[7] Currently pending is the undersigned's previous report and recommendation, wherein the undersigned recommended the court deny Petitioner's motion seeking court order (Doc. 6) and Petitioner's in forma pauperis application (Doc. 8). Doc. 16.